## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RANDY DON BECK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-1469-R** |
| | ) | |
| **JAMES RUDEK, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered July 12, 2012 [Doc. No. 21] and Petitioner's Objection filed July 31, 2012 [Doc. No. 22]. The Magistrate Judge recommended that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner makes several objections to the Report and Recommendation. First, he asserts that the Magistrate Judge's Report and Recommendation did not rely upon the tests of *Missouri v. Frye*, ____ U.S. ____, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, ____ U.S. ____, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) for ineffective assistance of counsel and that the recommendation contains an objectively unreasonable application of clearly established Supreme Court precedent, contrary to 28 U.S.C. § 2254(d)(1). Secondly, Petitioner argues that Respondent's pleadings have created an exhaustion dilemma unforeseeable to the Petitioner which will create a forced procedural default. This argument is somewhat difficult to follow, but Petitioner seems to be arguing that his claim for ineffective assistance of counsel under the standards set forth in *Frye* and *Lafler* and in light of the affidavit of

Petitioner's counsel submitted by Respondent, *see* Exhibit "1" to Response to Court Order of March 22, 2012 [Doc. No. 19], which was not part of the state court record (and which the Magistrate Judge refused to consider), is unexhausted and that the decision herein will result in a procedural default of that claim in state court.  Petitioner suggests that this case should be stayed so that he can exhaust his claim for ineffective assistance of trial counsel based on *Frye*, *Lafler* and the affidavit submitted by Respondent in state court, in another post-conviction proceeding.  In his third objection, Petitioner asserts that the Magistrate Judge overlooked the fact that failure to consider the new affidavit submitted by Respondent leaves Petitioner's affidavit and testimony and Petitioner's trial counsel's affidavit in the state court records uncontested.  Finally, Petitioner simply faults Respondent's Response to Court Order of March 22, 2012 [Doc. No. 19] as predicated on old precedents, not on *Frye* and *Lafler*, not supported by evidence and not relevant to the issue before the court.  Petitioner requests either a stay of this case so he can exhaust his claim for ineffective assistance of counsel or an evidentiary hearing.

The Court reviews the Report and Recommendation in light of Petitioner's objections.

*One* of the claims Petitioner made herein was that his guilty pleas were not knowingly or voluntarily entered.  Thus, the Magistrate properly addressed that claim separately from Petitioner's claims of ineffective assistance of counsel, so Petitioner's complaints about that aspect of the Report and Recommendation as not addressing the real issue herein are without merit.

The Magistrate Judge properly considered the standards in *Frye* and *Lafler* in determining whether the decision of the Oklahoma Court of Criminal Appeals was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. Likewise, pursuant to 28 U.S.C. § 2254(d)(1) and *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), the Magistrate Judge properly declined to consider the affidavit of Petitioner's trial counsel submitted by Respondent herein which was not part of the state court record.  *See* Report and Recommendation at pp. 20-21.  The Court, however, makes explicit what is implicit in the Report and Recommendation of the Magistrate Judge. The OCCA found that Petitioner's trial counsel's advice concerning the sentence he would receive if he rejected a negotiated sentence or plea offer and entered a blind plea was an "inaccurate prediction regarding the sentence Petitioner would receive."  This was not an unreasonable factual determination in light of the evidence in the state court record.  *See* 28 U.S.C. § 2254(d)(2).  Moreover, as the Magistrate Judge noted, such a factual determination by the state court must be presumed correct and, moreover, "Petitioner has not presented clear and convincing evidence [or any evidence] that Ms. Strong's advice was other than a prediction or estimation of the sentence Petitioner would receive."  Report and Recommendation at p. 22, citing 28 U.S.C. § 2254(e).  The Court then looks to the *Frye* and *Lafler* cases, in particular the *Lafler* case, to determine whether the decision of the OCCA that Petitioner had not shown that his counsel's representation fell below an objective standard of reasonableness; that counsel's inaccurate prediction concerning the sentence Petitioner would receive upon entering a guilty plea "is not grounds for a finding of

ineffective assistance;" and that Petitioner had not shown that there was a reasonable probability that, but for counsel's errors, he would not have entered the blind plea, *see* OCCA Summary Opinion Denying Certiorari (Exhibit "2" to Response to Petition [Doc. No. 9]) at p. 3, was contrary to or an unreasonable application of clearly established law as determined by the United States Supreme Court, *see* 28 U.S.C. § 2254(d)(1), *including in Frye* and *Lafler*, even though the OCCA did not have the benefit of those decisions at the time of its decision.

Both the *Frye* and *Lafler* cases recognize, consistent with prior precedent, that defendants are entitled to effective assistance of competent counsel during plea negotiations and that claims of ineffective assistance of counsel during plea negotiations or which relate to acceptance or failure to accept a plea offer are determined under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, in *Frye*, the narrow question presented was "whether defense counsel has the duty to communicate the terms of a formal offer to accept a plea on terms and conditions that may result in a lesser sentence, a conviction on lesser charges, or both." *Missouri v. Frye*, \_\_\_\_ U.S. at \_\_\_\_, 132 S.Ct. at \_\_\_, 182 L.Ed.2d at 390. The Supreme Court expressly noted that the case before it did not present the necessity or the occasion to define the duties of defense counsel during the plea bargaining process. *See id.* The Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused" and that when defense counsel allows an offer to expire without advising the defendant of it or allowing him to

4

consider it, counsel's assistance is deficient under the first prong of the *Strickland* test.  *See id.*.  The case before the Court is not one in which Petitioner contends his counsel did not communicate a plea offer to him and that he would have accepted had he known of it, though.  Rather, Petitioner claims that his counsel communicated a plea offer to him but that his counsel advised him that he would get less time than what was offered if he entered a blind plea.  Thus, Petitioner's case is more like the *Lafler* case.  However, in *Lafler*, unlike the case before this Court, the case came before the Supreme Court "with the concession that counsel's advise with respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment," that is, the concession that the defendant's counsel's advise was deficient or not objectively reasonable under the first prong of the *Strickland* test.  *Lafler v. Cooper*, ___ U.S. at ____, 132 S.Ct. at ___, 182 L.Ed.2d at 405.  But by examining the underlying advice in *Lafler* and that in prior cases which the Supreme Court has found to be deficient or objectively unreasonable, it can be deduced that only advice that contains or is based on misinformation, objectively verifiable as true or false at the time the advice is given, or the complete failure to communicate a plea offer to the defendant before it expires, amounts to deficient or objectively unreasonable assistance of counsel during the plea bargaining process.  *See Missouri v. Frye*, ___ U.S. at ___, 132 S.Ct. at ____, 182 L.Ed.2d at 388 (discussing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 266, 88 L.Ed.2d 203 (1985), in which counsel misinformed the defendant of the time he would have to serve before he was eligible for parole, and *Padilla v. Kentucky*, 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), in which counsel misinformed the defendant of the

5

immigration consequences of conviction).  *See also Lafler*, ___ U.S. at ___, 132 S.Ct. at ___, 182 L.Ed.2d at 405 & 413 (counsel advised the defendant that he could not be convicted of assault with intent to murder because his shots hit the victim below the waist, but the Supreme Court didn't need to determine whether that was deficient or objectively unreasonable advice because "the fact of deficient performance has been conceded by all parties.").  Moreover, the Supreme Court approvingly noted that "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance."  *Id.*, ___ U.S. at ___, 132 S.Ct. at ___, 182 L.Ed.2d at 413.  It may be inferred from this statement that likewise, a *prediction* about the sentence that a judge will impose is not necessarily deficient performance merely because the prediction later proves to be wrong.  A prediction is not capable of objective verification as true or false at the time it is made.  Thus, Tenth Circuit precedent, cited by the Magistrate Judge, *see* Report and Recommendation at p. 21 (citing *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)("A miscalculation or erroneous sentence estimation by defense counsel is not constitutionally deficient performance rising to the level of ineffective assistance of counsel") and *United States v. Washington*, 619 F.3d 1252, 1257 (10th Cir. 2010)("Our precedents have foreclosed the [success of] issues of whether counsel's failure to predict a defendant's sentence accurately rises to the level of deficient performance . . . .")), is consistent with Supreme Court precedent concerning whether counsel's prediction or advice, including that as to whether to accept a plea offer, is deficient performance.

6

In this case, the OCCA's determination that counsel's advice concerning whether to accept a plea offer or enter a blind plea was a prediction of the sentence defendant would receive on entry of a blind plea and was not deficient or objectively unreasonable performance is not contrary to nor does it involve an unreasonable application of clearly established federal law as determined by the Supreme Court, including in its decisions in *Frye* and *Lafler*.

Moreover, the OCCA's conclusion that Petitioner had not shown prejudice (that is, that Petitioner had not shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty," *i.e.,* entered the blind plea) is not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, including in *Frye* and *Lafler*.  Even assuming without finding that Petitioner has shown a reasonable probability that but for his trial counsel's prediction as to the sentence he would receive if he entered a blind plea, Petitioner would have accepted the prosecution's earlier plea offer, Petitioner has failed to show that there is a reasonable probability that neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Frye*, ___ U.S. at ___, 132 S.Ct. at 1409, 182 L.Ed.2d at 392.  *See Lafler*, ___ U.S. at ___, 132 S.Ct. at 1385, 182 L.Ed.2d at 407 ("defendant must show there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted the

terms and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed").

In view of the foregoing, a stay of this proceeding so that Petitioner can "re-exhaust" his state law claim for ineffective assistance of trial counsel in light of the Supreme Court decisions in *Frye* and *Lafler* issued subsequent to the OCCA's decision is unnecessary. Moreover, because consideration of Petitioner's counsel's affidavit submitted by Respondent is unnecessary to the Court's decision and indeed may not be properly considered by the Court, no evidentiary hearing is necessary.  And a stay of this case to allow Petitioner to "re-exhaust" his claim of ineffective assistance of trial counsel in light of the affidavit of his trial counsel proffered herein by Respondent would be futile because the affidavit would not be considered "newly discovered evidence."  *See e.g., Smallwood v. State*, 937 P.2d 111, 115 (Okla. Crim. App. 1997)(claim based on purportedly "newly discovered evidence" which was not based on facts unavailable to Petitioner at time of direct appeal is not properly raised in post-conviction application).  In any event, inasmuch as Petitioner's trial counsel in the affidavit dated April 24, 2012 recently proffered by Respondent attests that she "did not 'advise' Mr. Beck that the Court would be more lenient [in the sentence imposed,]" the OCCA's consideration of that affidavit would not assist Petitioner's claim that he received deficient advice from his trial counsel in connection with a plea offer.

What the Court has said obviates Petitioner's other objections.  In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 21] is

ADOPTED and the petition for a writ of habeas corpus is DENIED.  Petitioner's requests for

a stay and for an evidentiary hearing are DENIED.

IT IS SO ORDERED THIS 6th day of August, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE